IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CANDAS GREEN, CHRISTIE BONAMOUR, SHANNON SHOWALTER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RUBY ENTERPRISES, LLC, RUBY MANAGEMENT, INC., RUBA, LLC, RUBA, III, LLC, RUBY IV, LLC, RUBY V, LLC, RUBY VI, LLC, RUBY VII, LLC, RUBY VIII, LLC, RUBY I.X., LLC, RUBY X, LLC, RUBY XI, LLC, RUBY XII, LLC, RUBY XIV, LLC, RUBY XV, LLC, NADIA ESMAIL, individually, and MOHAMMAD ESMAIL, individually <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § Civil Action No. _____ <br><br> Jury Trial Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT – COLLECTIVE ACTION

Plaintiffs, on behalf of themselves and all others similarly situated, bring this action against Defendants Ruby Enterprises, LLC, Ruby Management, Inc., Ruba, LLC, Ruba, III, LLC, Ruby IV, LLC, Ruby V, LLC, Ruby VI, LLC, Ruby VII, LLC; Ruby VIII, LLC, Ruby I.X., LLC, Ruby X, LLC, Ruby XI, LLC, Ruby XII, LLC; Ruby XIV, LLC, Ruby XV, LLC, Nadia Esmail, individually, and Mohammad Esmail, individually. (The corporate and individual Defendants sometimes are collectively referred to as "Defendants"). Plaintiffs respectfully allege as follows:

## INTRODUCTION

1. Plaintiffs bring this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for, *inter alia*, unpaid minimum wage and overtime wages, liquidated damages, penalty wages, and attorney's fees and costs.

1

2. The FLSA requires employers to pay employees a minimum wage of at least $7.25 per hour. 29 U.S.C. § 206(a). For tipped employees, employers may take a "tip credit" of up to $5.12 per hour of the employee's tips toward their minimum wage obligations. 29 U.S.C. § 203(m)(2).

3. An employer may *only* take advantage of this tip credit where it has provided notice to the tipped employee of the employer's obligations under the tip credit provision, and where the tipped employee retains all tips earned. *Id.* If an employer violates either of these provisions, it loses its right to avail itself of the tip credit and must pay the employee the full minimum wage of $7.25 per hour. *See id.*

4. The FLSA also requires that, when an employee works in excess of 40 hours in a workweek, the employee be compensated at one-and-a-half times his or her regular rate of pay. 29 U.S.C. § 207(a). Tipped employees, like other employees, are entitled to overtime compensation, though an employer may take a tip credit of up to $5.12 per hour for overtime hours. *See* 29 C.F.R. § 531.60.

5. Defendants violated the minimum wage provisions of the FLSA as to tipped employees by failing to compensate them at all for many of their hours worked (by directing them to work "off the clock" and deleting hours from time records). Defendants further violated the minimum wage provisions of the FLSA by paying tipped employees less than the minimum wage but failing to notify them of the requirements under the tip credit provision, and by failing to allow them to retain all of the tips that they earned, in violation of 29 U.S.C. § 203(m)(2). Defendants further violated the minimum wage provisions of the FLSA by making after-the-fact increases to the amount of tips received by tipped employees so as to make it appear that the tipped employees were earning minimum wage when, in reality, they were not.

6. Defendants violated the overtime provisions of the FLSA by failing to pay tipped employees and hourly employees the required overtime rate during weeks in which they worked over 40 hours. Defendants further violated the overtime provisions of the FLSA by making after-the-fact increases to the amount of tips received by tipped employees so as to make it appear that the tipped employees were earning overtime when, in reality, they were not.

## THE PARTIES

7. Plaintiffs are former and current employees of Defendants and have been employed as, among other things, managers, assistant managers, hostesses, "combos," cooks, and servers. Plaintiffs' consent to join forms are attached hereto as "Exhibit A."

8. Defendant Ruby Enterprises, LLC is a limited liability company organized under the laws of the State of Louisiana. Ruby Enterprises is an "employer" within the meaning of the FLSA

9. Defendant Ruby Management, Inc. is a corporation organized under the laws of the State of Louisiana that is not in good standing with the Louisiana Secretary of State. Ruby Management is an "employer" within the meaning of the FLSA and the Wage Payment Act. There also is a Ruby Management, Inc. operated by Defendants that appears to be organized under the laws of the state of Mississippi. This action is brought against both "Ruby Management, Inc." entities to the extent they are not the same entity. Ruby Management is an "employer" within the meaning of the FLSA.

10. Defendant Ruba, LLC is a limited liability company organized under the laws of the State of Louisiana. Ruba is an "employer" within the meaning of the FLSA.

11. Defendant Ruba III, LLC is a limited liability company organized under the laws of the State of Louisiana. Ruba III is an "employer" within the meaning of the FLSA.

12. Defendant Ruby V, LLC is a limited liability company organized under the laws of the State of Louisiana. Ruby V is an "employer" within the meaning of the FLSA.

13. Defendant Ruby VI, LLC is a limited liability company organized under the laws of the State of Mississippi. Ruby VI is an "employer" within the meaning of the FLSA.

14. Defendant Ruby VII, LLC is a limited liability company organized under the laws of the State of Louisiana that is not in good standing with the Louisiana Secretary of State. Ruby VII is an "employer" within the meaning of the FLSA.

15. Defendant Ruby VIII, LLC is a limited liability company organized under the laws of the State of Mississippi. Ruby VIII is an "employer" within the meaning of the FLSA.

16. Defendant Ruby I.X., LLC is a limited liability company organized under the laws of the State of Louisiana that is not in good standing with the Louisiana Secretary of State. Ruby I.X. is an "employer" within the meaning of the FLSA.

17. Defendant Ruby X, LLC is a limited liability company organized under the laws of the State of Louisiana that is not in good standing with the Louisiana Secretary of State. Ruby X is an "employer" within the meaning of the FLSA.

18. Defendant Ruby XI, LLC is a limited liability company organized under the laws of the State of Louisiana. Ruby XI is an "employer" within the meaning of the FLSA.

19. Defendant Ruby XII, LLC is a limited liability company organized under the laws of the State of Louisiana. Ruby XII is an "employer" within the meaning of the FLSA.

20. Defendant Ruby XIV, LLC is a limited liability company organized under the laws of the State of Louisiana. Ruby XIV is an "employer" within the meaning of the FLSA.

21. Defendant Ruby XV, LLC is a limited liability company organized under the laws of the State of Louisiana. Ruby XV is an "employer" within the meaning of the FLSA.

22. Defendant Nadia Esmail is a corporate officer of Defendants and is an "employer" within the meaning of the FLSA.

23. Defendant Mohammad Esmail is a corporate officer of Defendants and is an "employer" within the meaning of the FLSA.

## JURISDICTION AND VENUE

24. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

25. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

26. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA and had more than $500,000 in annual gross revenues. Defendants own and operate a network of International House of Pancakes ("IHOP") restaurants.

27. Furthermore, Plaintiffs and all similarly-situated individuals engaged in commerce within the meaning of the FLSA, and therefore are subject to individual coverage under the FLSA.

28. Defendants constitute an integrated enterprise, with common management, common ownership or financial control, centralized control of labor relations, and a functional interrelation of operations.

29. Defendants have the same or similar officers, the same or similar managers and supervisors, and Defendants share common ownership.

30. Defendants share a centralized source of authority for the development of personnel policies, personnel records, and the screening and testing of job applicants. This centralized authority currently operates under the name of Ruby Enterprises, which is based primarily out of 835 Canal Street in New Orleans, Louisiana. The same personnel also makes employment decisions for each of the Defendants.

31. Defendants operate as a single unit, sharing (i) policy manuals, (ii) payroll and insurance programs, (iii) managers and personnel, and (iv) office space, equipment, and storage.

32. As noted above, Plaintiffs have been employed with Defendants as, among other things, managers, assistant managers, hostesses, "combos," cooks, and servers.

33. Plaintiffs regularly worked more than forty (40) hours in a workweek for Defendants, but were not paid overtime wages for all of the time worked.

34. Defendants regularly required Plaintiffs and similarly-situated individuals to perform "off the clock" work during most of their shifts by directing them to work while clocked out. In addition, Defendants regularly altered Plaintiffs and similarly-situated individuals' time records in most work weeks, deleting hours that they worked, and paying them on the basis of the altered records reflecting reduced hours. As a result, Defendant failed to pay Plaintiffs and similarly-situated individuals the required minimum wage and overtime wage for all hours worked.

35. Notably, Defendants' management has admitted in writing to deleting overtime hours worked by Plaintiffs and similarly-situated individuals. (Exhibit B).

36. Furthermore, the International House of Pancakes franchisor (operated by Dine Brands Global) has received numerous complaints about Defendants' flagrant violations of the FLSA, including the complaint below specifically stating that Defendants "are shaving people's

hours to avoid overtime and condoning and encouraging employees to work off of the clock to meet labor percent goals:"

> Hi Nadia,
>
> I just wanted to notify and make you aware of the recent complaint that was brought to the attention of IHOP HR and Legal. We wanted to provide you with this information so that you can best determine how to proceed.
>
> Here's the complaint below.
>
> The GM of this location and possibly the entire franchise is participating in labor law violations. They are shaving people's hours to avoid overtime and condoning and encouraging employees to work off of the dock to meet labor percent goals. Several employees are coming together to file a complaint with the MS Department of Labor/ Wage and Hour Division. No contact is necessary as we have all made these complaints with your corporate anonymously.
>
> Take care.
>
> Kelley Lewis, FBC
> t: 909.994.2117 | f: 913.890.9194
> Kelley.Lewis@ihop.com
> IHOP

(Exhibit B).

37. Defendants have violated Plaintiffs' rights under the FLSA by, *inter alia*, failing to pay minimum wage and overtime compensation for hours worked over forty (40). Defendants also have violated the rights of similarly-situated hourly workers by, *inter alia*, failing to pay overtime compensation for hours worked over forty (40).

38. Defendants' denial of minimum wage and overtime compensation to Plaintiffs and to similarly-situated individuals is, and has been, willful and deliberate.

39. As noted above, many Plaintiffs also have worked as servers for Defendants. While Plaintiffs were working as servers, their tips were highly variable. Defendants would inflate the amount of tips that were reported on the Plaintiffs' pay stubs so that it would appear that the Plaintiffs were earning the federal minimum wage of $7.25/hour for hours under forty in

a workweek and the minimum overtime rate of $10.88 for hours worked over forty in a workweek, even when their actual tips fell below this amount. By way of example only, Defendants' Manager Nha Bui has specifically stated in emails that he has changed servers' tips to make it appear that they are earning minimum wage. (Exhibit B).

40. Defendants further violated the minimum wage provisions of the FLSA by paying Plaintiffs and other tipped employees less than the minimum wage of $7.25 per hour, but failing to meet the requirements to avail itself of the tip credit provision, 29 U.S.C. § 203(m)(2).

41. Specifically, Defendants did not provide Plaintiffs and other tipped employees with notice of the requirements of the tip credit provision, as required to take the tip credit under the FLSA.

42. Defendants did not allow Plaintiffs and other tipped employees to retain all of their tips, as further required to take the tip credit, by (i) requiring that Plaintiffs and other tipped employees pay customers' bills out of their tips; (ii) requiring that Plaintiffs and other tipped employees pay for "breakage," *i.e.,* broken glasses and dishware; and (iii) requiring that Plaintiffs and other tipped employees share their tips with managers and other personnel who do not customarily and regularly receive tips.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiffs bring their claims under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of themselves and other similarly-situated individuals. The proposed collectives are as follows:

(i) All hourly workers, including managers, assistant managers, hostesses, "combos," cooks, and servers, who were required to work "off the clock" or who had their time records reduced so as to receive less than minimum wage or not be paid overtime compensation for hours over forty in a workweek (the "Time Deduction Collective"); and

(ii) All tipped employees who did not receive notice of the requirements of the FLSA's tip credit provision and who were not permitted to retain all of their tips (the "Tipped Employee Collective").

44. Plaintiffs, the Time Deduction Collective, and the Tipped Employee Collective are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice and policy of unlawfully failing to pay compensation as required by the FLSA as heretofore alleged.

45. Defendants have operated under a scheme to deprive Plaintiffs, the Time Deduction Collective, and the Tipped Employee Collective of their requisite compensation by failing to compensate them in accordance with the FLSA as described above.

46. Defendants are liable under the FLSA for, *inter alia*, not paying Plaintiffs, the Time Deduction Collective, and the Tipped Employee Collective in accordance with the FLSA as described above. There are other similarly-situated individuals who would benefit from the issuance of Court-supervised notice and the opportunity to join this lawsuit. These similarly-situated individuals are known to Defendants, are readily identifiable, and can be located through Defendants' records.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Minimum Wage and Overtime to Hourly Workers)**
**FLSA Collective Action Claims**

47. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

48. Defendants have violated the requirements of the FLSA by failing to pay minimum wage and overtime compensation to Plaintiffs and the Time Deduction Collective for hours worked as heretofore alleged.

49. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA.

50. As a result of Defendants' unlawful conduct, Plaintiffs and the Time Deduction Collective are entitled to damages equal to the amount of all uncompensated time, including minimum wage and overtime pay, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

51. Plaintiffs also seek reasonable attorney's fees and costs, as provided by the FLSA.

## SECOND CAUSE OF ACTION
### (Failure to Pay Minimum Wage and Overtime to Tipped Employees)
### FLSA Collective Action Claims

52. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

53. As alleged herein, Defendants have violated the requirements of the FLSA by engaging in practices, and implementing policies, that have deprived Plaintiffs and the Tipped Employee Collective of lawful compensation as heretofore alleged.

54. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA.

55. As a result of Defendants' unlawful conduct, Plaintiffs and the Tipped Employee Collective are entitled to damages equal to the amount of all uncompensated work time, whether hours worked under forty (40) in a workweek or over forty (40) hours in a workweek, within the three years preceding the filing of the Complaint and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

## DEMAND FOR JURY

56. Plaintiffs, the Time Deduction Collective, and the Tipped Employee Collective hereby demand a trial by jury for all issues in this case.

**PRAYER FOR RELIEF**

WHEREFORE, having set forth their Complaint, Plaintiffs respectfully request that this Court order the following relief:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendants willfully violated the rights of Plaintiffs, the Time Deduction Collective, and the Tipped Employee Collective under the FLSA;

(b) Award Plaintiffs, the Time Deduction Collective, and the Tipped Employee Collective unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to them under the FLSA;

(c) Award attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by law; and

(d) Award any other legal and equitable relief that this Court deems just and proper.

Dated: June 30, 2019

Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By: s/Christopher L. Williams
Christopher L. Williams (T.A.)
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

Charles J. Stiegler, #33456
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

*Attorneys for Plaintiffs, the Time Deduction Collective, and the Tipped Employees Collective*